UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHERIA NA-RA BELLE-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00237-SRC |
| | ) | |
| FRANK J. BISIGNANO, Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**<u>Memorandum and Order</u>**

Sheria Na-Ra Belle-Bey sued the Commissioner of the Social Security Administration in February 2025, challenging the denial of her request for disability benefits. Belle-Bey is no stranger to this Court—in fact, she filed this same case in front of a different judge in April 2023. *See* Complaint for Judicial Review of Decision of the Commissioner of Social Security, *Belle-Bey v. Kijakazi*, No. 4:23-cv-00491-JSD (E.D. Mo. Apr. 17, 2023) ("*Belle-Bey I*"), doc. 1. Noting this, the Commissioner quickly moved to dismiss Belle-Bey's complaint in this case. Belle-Bey later filed a motion for leave to amend her complaint, a motion to correct the record, and two affidavits. Because the Court finds that Belle-Bey's claim is time-barred, and that any amendments to Belle-Bey's complaint would therefore be futile, the Court grants the Commissioner's motion to dismiss and denies Belle-Bey's motion for leave to amend. The Court also denies Belle-Bey's remaining filings.

**I.      Background**

On February 26, 2025, Belle-Bey filed this case and alleged the following facts. Doc. 1. Belle-Bey has "multiple severe impairments[,] including but not limited to degenerative disc disease of the spine, major depressive disorder, anxiety disorder, severe incontinence, and post

concussion syndrome." *Id.* at 2 (The Court cites to page numbers as assigned by CM/ECF.). Belle-Bey applied for "disability insurance benefits and/or Supplemental Security Income benefits," but the Social Security Administration denied her application. *Id.* Belle-Bey then requested a hearing before an Administrative Law Judge. *Id.* The ALJ held a hearing but denied Belle-Bey's claim. *Id.* So, Belle-Bey requested review by the Appeals Council. *Id.* On December 9, 2022, Belle-Bey received a letter noting that "the Appeals Council denied [Belle-Bey's] request for review, making the Administrative Law Judge's decision the 'final decision' of the Commissioner, subject to judicial review pursuant to 42 U.S.C. § 405(g) and/or 1383(c)(3)." *Id.*

Belle-Bey then filed a complaint in the Eastern District of Missouri on April 17, 2023. *See* Complaint for Judicial Review of Decision of the Commissioner of Social Security, *Belle-Bey I*, doc. 1; *see also* doc. 1-2 (noting that "this same cause, or a substantially equivalent complaint, was previously filed in this Court as case number 4:23-cv-00491" (capitalization removed)). But on February 21, 2024, Judge Dueker dismissed Belle-Bey's case without prejudice because she had failed to comply with a court order to file a Social Security brief. Memorandum and Order, *Belle-Bey I*, doc. 32. Belle-Bey filed a motion for reconsideration, but the court denied the motion. Memorandum and Order, *Belle-Bey I*, doc. 35. Most recently, Belle-Bey filed a motion under Federal Rule of Civil Procedure 60(b) for relief from judgment. *See* Memorandum and Order, *Belle-Bey I*, doc. 37. Judge Dueker denied that motion as well. *Id.* at 2.

Then, Belle-Bey filed this case on February 26, 2025. Doc. 1. The next day, the Commissioner moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). Doc. 5. The parties have fully briefed that motion. Docs. 5–6, 14–15. Belle-Bey also filed a motion

2

for leave to amend, doc. 20, but the Court denied that motion because Belle-Bey had failed to comply with the Local Rules and the undersigned's Judge's Requirements, doc. 21.  Belle-Bey filed another motion for leave to amend, doc. 25, which is ripe for this Court's review, docs. 25, 27, 29.  Belle-Bey then filed a "Motion to Amend/Correct the Record," doc. 28, an "Affidavit for Actual Notice and Unjust Enrichment," doc. 30, and an "Affidavit for [Claimant's] Memorandum of Opposition to [Defendant's] Motion to Dismiss," doc. 33.  These filings are ripe for the Court's review.

**II.      Standard**

    **A.      Motion to dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  The notice pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement . . . showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  The Court must grant all reasonable inferences in favor of the nonmoving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).  Ordinarily, the Court considers only the facts alleged in the complaint when ruling on a motion to dismiss; however, the Court may consider

3

materials attached to the complaint in construing the complaint's sufficiency.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff."  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  But if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *See Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022) (citing *Twombly*, 550 U.S. at 562).  Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678–79.  "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice."  *Hamilton v. Palm*, 621 F.3d 816, 817–18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation.  *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677–78.

Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 556 U.S. at 679.  Therefore, the Court must determine if the well-pleaded factual allegations "plausibly give rise to an entitlement to relief."  *Id*.  This "context-specific task" requires the Court to "draw on its judicial experience and common sense."  *Id*.  In determining the plausibility of a plaintiff's claim, *Iqbal* and *Twombly* instruct the Court to consider whether "obvious alternative explanations" exist for the allegedly unconstitutional conduct.  *Id.* at 682; *Twombly*, 550 U.S. at 567.  The Court must then determine whether the

4

plaintiff plausibly alleges a violation of the law.  *Iqbal*, 556 U.S. at 682.  The well-pleaded facts must permit more than the "mere possibility of misconduct."  *Id.* at 679.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557).

**B.      Motion to amend**

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading before trial.  In some situations, the party may do so as a matter of course:

> (1) *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course no later than:
>
> > (A) 21 days after serving it, or
>
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A district court may deny leave to amend, however, "where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (citation modified).  Futility bears the most relevance here.

Even under Rule 15(a)(2), "a party is not entitled to amend a complaint without making a showing that such an amendment would be able to save an otherwise meritless claim."  *Plymouth Cnty. v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014) (citing *Wisdom v. First Midwest*

5

*Bank*, 167 F.3d 402, 409 (8th Cir. 1999)).  A district court may therefore deny a motion to amend "when such an amendment would be futile."  *Id.* (citing *Wisdom*, 167 F.3d at 409).  When a court denies leave to amend on futility grounds, it means the court "has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss" under Rule 12(b)(6).  *Briscoe v. Cnty. of St. Louis*, 690 F.3d 1004, 1015 (8th Cir. 2012) (quoting *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012)).

### III. Discussion

The Court turns to the various pending motions.

#### A. Motion to dismiss

The Commissioner moves to dismiss Belle-Bey's original complaint because she failed to comply with 28 U.S.C. § 405(g).  Doc. 6 at 1–3.  Under section 405(g), an individual may challenge, in federal court, the Commissioner's final decision regarding his application for benefits:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . .

42 U.S.C. § 405(g).  In short, a claimant has only a 60-day window to file the case unless she receives an extension of time from the Commissioner, *id.*, or equitable tolling applies, *see Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003) (per curiam).  Under the Social Security Administration regulations, the 60-day window begins the day that the individual receives notice of the Appeals Council's decision.  *See id.*

6

Here, Belle-Bey alleged that she received the Appeals Council's letter on December 9, 2022—810 days before filing the present case on February 26, 2025.  Doc. 1 at 2.  In reviewing the record of Belle-Bey's prior case, the Court notes that the Appeals Council extended Belle-Bey's time for filing an action to April 17, 2023.  *See* Certified Administrative Record, *Belle-Bey I*, doc. 7-3 at 2.  Thus, assuming Belle-Bey's first case renders equitable tolling applicable, tolling would apply for the period between the date Belle-Bey received the Appeals Council's letter (December 9, 2022) to the date Judge Dueker dismissed her original case (February 21, 2024).  *See* Complaint for Judicial Review of Decision of the Commissioner of Social Security at 2, *Belle-Bey I*, doc. 1; Memorandum and Order, *Belle-Bey I*, doc. 32.  But that still leaves February 22, 2024, to February 25, 2025—i.e., 369 days—unaccounted for.

In her response in opposition to the Commissioner's motion to dismiss, Belle-Bey argues that she should be granted equitable tolling because her health conditions "prevented untimely [sic] filing of the action."  Doc. 14 at 14–15.  But importantly, a litigant seeking equitable tolling must establish "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way."  *Thompson v. Comm'r*, 919 F.3d 1033, 1036 (8th Cir. 2019) (citation omitted).  A litigant meets the second prong by showing circumstances that are both "extraordinary and beyond [her] control."  *Id.* at 1037 (citation omitted).  The Court finds that Belle-Bey did not act diligently in this case, because she waited over a year after Judge Dueker dismissed her original case to file the present action.  Also, Belle-Bey does not explain *how* her health conditions prevented her from timely refiling this action.  *See Reeves v. Colvin*, No. 24-1977, 2025 WL 87236, at *1 (8th Cir. Jan. 14, 2025) (citing *Thompson,* 919 F.3d at 1036–38 ).  She therefore does not establish that the circumstances delaying her refiling were "beyond [her] control."  *Thompson*, 919 F.3d at 1037.  Thus, this argument fails.

Belle-Bey next asserts that the Court should toll her case because she suffered a "mental break down" after Judge Dueker dismissed her prior case. Doc. 14 at 14. But "[t]he standard for tolling due to mental illness is a high one"—a litigant must show that "a mental condition prevented [her] from understanding and managing [her] affairs generally and from complying with the deadline [she] seeks to toll." *Thompson*, 919 F.3d at 1037–38 (citations omitted). Belle-Bey's bare assertion that she suffered a mental breakdown falls short of explaining how this circumstance prevented her from complying with the filing deadline. Thus, this argument also fails.

Lastly, Belle-Bey asserts that she merits equitable tolling because the Clerk of Court provided "ineffective counsel" in violation of her Sixth Amendment rights by informing her that she could refile her original case "when she wanted to" after Judge Dueker dismissed it. Doc. 14 at 2; *see also id.* at 12, 14. First, the Sixth Amendment right to effective assistance of counsel applies only in criminal prosecutions—not in civil proceedings, such as this Social Security appeal. *See* U.S. Const. amend. VI. And second, to merit equitable tolling, Belle-Bey must show "conduct (by someone other than the claimant) that is misleading or fraudulent." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (citation omitted). The Clerk of Court's allegedly informing Belle-Bey that she could refile her case "when she wanted to," doc. 14 at 2, does not rise to this level. Indeed, Judge Dueker dismissed Belle-Bey's case without prejudice, *see* Memorandum and Order, *Belle-Bey I*, doc. 32, meaning Belle-Bey *could* refile her suit "within the limitations period," *see Dismissal*, *Black's Law Dictionary* (12th ed. 2024). That the Clerk of Court purportedly did not instruct Belle-Bey on the limitations period is of no moment; the responsibility of ensuring that Belle-Bey timely refiled her suit fell on Belle-Bey alone. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (noting that "pro se litigants are not excused

8

from failing to comply with substantive and procedural law," and that "the court is not permitted to act as counsel for either party"). Thus, the Clerk of Court's alleged statement that Belle-Bey could refile her suit does not constitute "misleading or fraudulent" conduct that justifies equitable tolling. *Turner*, 862 F.2d at 710.

Belle-Bey separately argues that the Commissioner's motion to dismiss "asks for facts outside the record which were not excluded by the Court and the motion must be treated as one for summary judgment." Doc. 14 at 14. Belle-Bey refers to Federal Rule of Civil Procedure 12(d), which states that, if a party files a motion to dismiss under Rule 12(b)(6) and "matters outside the pleadings are presented to and not excluded by the court," the court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d).

Importantly, however, a court considering a Rule 12(b)(6) motion may consider "materials embraced by the complaint" without converting the motion into one for summary judgment. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). These materials include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Id.* at 526 (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)).

The only facts the Commissioner asks the Court to consider in the motion to dismiss come from Belle-Bey's prior case before Judge Dueker. *See* doc. 6 at 3. Belle-Bey references this prior case in the "Original Filing Form" she attached to her complaint. *See* doc. 1-2 (noting that Belle-Bey had previously filed "a substantially equivalent complaint" in this court under case number 4:23-cv-00491). Thus, this prior case is "incorporated by reference" to Belle-Bey's complaint. *Zean*, 858 F.3d at 526. Not only that, but the prior case is also part of the public

9

record and subject to judicial notice.  *Id.*  Thus, in considering the Commissioner's motion to dismiss, the Court may consider Belle-Bey's prior case without converting the motion into one for summary judgment.  *See Zean*, 858 F.3d at 526.  Belle-Bey's argument thus fails.

Finding no basis in Belle-Bey's complaint to conclude that she complied with section 405(g)'s 60-day requirement, the Court holds that Belle-Bey's complaint is time-barred and therefore subject to dismissal.  Fed. R. Civ. P. 12(b)(6); 42 U.S.C. § 405(g); *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (explaining that section 405(g)'s "60-day period is not jurisdictional, but rather constitutes a period of limitations"); *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018) ("A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." (citation omitted)).  The Court therefore grants the Commissioner's motion to dismiss.  Doc. 5.

### B.  Motion for leave to amend complaint

The Court now turns to Belle-Bey's motion for leave to amend her complaint.  Doc. 25.  Upon review, the Court finds that Belle-Bey's proposed amended pleading suffers from similar infirmities as her original complaint.  Just as in her original complaint, Belle-Bey fails to show that she complied with the 60-day requirement in section 405(g).  Belle-Bey states that she is entitled to equitable tolling because the ALJ's "failure to develop a true[,] correct[,] and complete full record . . . materially impaired" her ability "to timely file this action."  Doc. 25-1 at 6. But even if that were true, that would, at most, explain any delay between her Social Security proceedings and her first case before Judge Dueker.  That leaves the period between the date Judge Dueker dismissed her case and the date Belle-Bey filed the present action (i.e., February

22, 2024, to February 25, 2025, or 369 days) unaccounted for.  *See* doc. 1; Memorandum and Order, *Belle-Bey I*, doc. 32.

No other factors afford Belle-Bey equitable tolling.  In her proposed amended complaint, Belle-Bey argues that her delay in filing was due in part to (1) "false and misleading information given by the [Clerk of Court] on February 21, 2024," doc. 25-1 at 4, and (2) "the widespread national news regarding the SSA and DOGE citing [the unconstitutionality] of [ALJs] . . . on or about February 25, 2025," *id.* at 5; *see also* doc. 25 at 8.  Again, "equitable circumstances that might toll a limitations period" typically "involve conduct (by someone other than the claimant) that is misleading or fraudulent."  *Turner*, 862 F.2d at 710  (citation omitted).  As explained above, the Clerk of Court's allegedly informing Belle-Bey that she could refile her case "anytime," *see* doc. 25-1 at 4; doc. 25 at 6, does not rise to this level.  Nor does the news regarding the Social Security Administration, DOGE, and the constitutionality of ALJs meet this high threshold.  *See* doc. 25-1 at 5.  At most, Belle-Bey's proposed amended complaint supports a conclusion that upon receiving this news "on or about February 25, 2025," Belle-Bey remembered to refile her complaint, which she did the next day.  Doc. 25-1 at 5; doc. 25 at 8; *see also* doc. 29 at 3 (noting that, upon learning of the "newly public claims by the DOJ and DOGE regarding the [Social Security Administration], [Belle-Bey] actually remembered the claim and refiled the claim on or about February 26, 2025"); doc. 33 at 3 ("The [n]ewly discovered D.O.G.E. review and D.O.J. constitutional claims trigger[ed] [Belle-Bey's] memory and she promptly refiled.").  But this, too, does not constitute "misleading or fraudulent" conduct by a third party that justifies equitable tolling.  *Turner*, 862 F.2d at 710.

Belle-Bey again argues that her claim is extraordinary and warrants equitable tolling due to her many mental and physical impairments, including degenerative joint and spine disease and

11

"major depressive disorder and anxiety disorder," as well as her residual functioning capacity. Doc. 25-1 at 4; *see also* doc. 25 at 6–7.  This time, however, she also asserts that, since Judge Dueker dismissed her original case, her "temporary shelter changed multiple times . . . thus creating additional traumatic experience [sic] . . . that contributed to memory loss, and other mental incapacity symptoms."  Doc. 25-1 at 4.  She then argues that these symptoms are "a direct and proximate cause" for why she did not timely refile her case.  *Id.*  But Belle-Bey does not explain how these symptoms prevented her from timely refiling her case *for over a year*.  *Reeves*, 2025 WL 87236, at *1 (citing *Thompson*, 919 F.3d at 1036–38).  Nor does she show how her mental ailments "prevented [her] from understanding and managing [her] affairs generally and from complying with the deadline."  *Thompson*, 919 F.3d at 1037–38 (quoting *Jessie v. Potter*, 516 F.3d 709, 715 (8th Cir. 2008)).  For these reasons, Belle-Bey is not entitled to equitable tolling, so she does not comply with the 60-day deadline under section 405(g).

Belle-Bey also appears to raise a due process argument in her motion to amend.  *See* doc. 25 at 5.  She states that she filed a due process complaint "before the ALJ decision, raising concerns about improper handling of the medical records, impartiality and procedural fairness," but that this complaint was omitted from the administrative record.  *Id.*  The failure to include her due process complaint in the record, she argues, was itself a due process violation.  *Id.*  Section 405(h) of the Social Security Act bars Belle-Bey from raising this claim, however.  This section renders the Commissioner's findings and decision binding and prevents parties from suing "to recover on any claim arising under this subchapter" except as provided in section 405(g).  42 U.S.C. § 405(h).  As explained above, Belle-Bey can no longer sue under section 405(g) because her claim is time-barred.  Further, Belle-Bey's due process claim "arises under" the Social Security Act because she seeks to recover Social Security benefits, and because the

12

Act "provides both the standing and the substantive basis for the presentation of [her] constitutional contentions." *Weinberger v. Salfi*, 422 U.S. 749, 760–61 (1975); *see also id.* at 762. The Social Security Act thus prevents Belle-Bey from bringing this claim.

Belle-Bey raises a second due process argument in both her motion to amend, doc. 25 at 7, and in her proposed amended complaint, doc. 25-1 at 6. She states that the court in her prior case deprived her of due process by dismissing her complaint on February 21, 2024. Doc. 25-1 at 6. In that case, Belle-Bey received five extensions of time to file her Social Security brief, and her final filing deadline was on February 9, 2024. *See* Memorandum and Order at 1, *Belle-Bey I*, doc. 32; Order at 2, *Belle-Bey I*, doc. 30. Belle-Bey failed to meet this deadline but told the court that she would file her brief by February 20, 2024 (which she ultimately failed to do). Memorandum and Order at 1, *Belle-Bey I*, doc. 32. And because the court did not immediately dismiss Belle-Bey's case on February 10, 2024 for failing to meet the court-imposed deadline, Belle-Bey argues that the court "acquiesc[ed] to [Belle-Bey's] self-imposed deadline" of February 20 and should not have dismissed her case the next day "without notice." Doc. 25-1 at 6.

Belle-Bey's argument fails. Courts have the "'inherent power' . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). And, under Federal Rule of Civil Procedure 41(b), a court may "dismiss a case if 'the plaintiff fails to prosecute' or doesn't comply with the Federal Rules of Civil Procedure or a court order." *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013); *see also Burgs*, 745 F.2d at 528 (noting that "[a] district court has power to dismiss an action for refusal of the plaintiff to comply with any order of court"). Belle-Bey failed to follow the court's order to file her Social Security brief by February 9, 2024, so the court had the power

13

to dismiss Belle-Bey's case under Rule 41(b).  The court's granting Belle-Bey a courtesy by allowing her more time to file does not change this fact.  Thus, Belle-Bey's argument fails.

  Belle-Bey next challenges the level of notice she received in her prior case.  In her reply in support of her motion to amend, she argues that the court did not properly serve her with the orders dismissing her case on February 21, 2024, as evidenced by the fact that the docket displays "no order receipt for the dismissal(s)."  Doc. 29 at 3; *see also id.* at 5, 7.  But even assuming that's true, Belle-Bey concedes in the same filing that she received verbal notice of the dismissal after calling the Clerk of Court on February 21, 2024.  *Id.* at 5.  That Belle-Bey filed a motion for reconsideration the day after Judge Dueker dismissed her prior case, *see* Motion for Reconsideration, *Belle-Bey I*, doc. 34, further shows that she received at least *some* notice of the dismissal.  Thus, this lack of service, even if true, did not "affect[] [Belle-Bey's] ability to comply with the statute of limitations," so she does not merit equitable tolling.  *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006) (citation omitted).  Belle-Bey also asserts that the court in her prior case did not properly serve her with the denial of her motion for reconsideration.  Doc. 29 at 3, 5, 7.  But the docket in her prior case notes that the court mailed Belle-Bey a copy of that order.  *See* Order Receipt, *Belle-Bey I* (E.D. Mo. Mar. 1, 2024).  Under the Federal Rules of Civil Procedure, the Clerk of Court's duty to serve notice of the order on Belle-Bey was complete upon mailing.  *See* Fed. R. Civ. P. 77(d); Fed. R. Civ. P. 5(b)(2)(C).  If Belle-Bey did not receive this order in the mail, that is an issue with her mailing address, which is her responsibility to update with the Court.  *See* E.D.Mo. L.R. 2.06(B).  This circumstance was therefore not beyond her control, meaning she is not entitled to equitable tolling on this ground.  *See Pecoraro*, 435 F.3d at 875.  Belle-Bey's notice arguments therefore do not provide a basis for allowing Belle-Bey to amend her complaint.

14

Belle-Bey also appears to raise a due process argument against this Court.  In her proposed amended complaint, doc. 25-1, and in her reply in support of her motion for leave to amend, doc. 29, Belle-Bey argues that the Court applied its local rules and federal filing deadlines against her in a "procedurally inconsistent" and "arbitrary" manner.  Doc. 25-1 at 5; doc. 29 at 4.  But even assuming that's true, these actions occurred *after* Belle-Bey refiled her case in February 2025.  *See* doc. 25-1 at 5; doc. 29 at 4.  They therefore do not explain Belle-Bey's delay in refiling her case between February 2024 and February 2025, nor do they provide a basis for equitably tolling this year-long period.  Because of this, Belle-Bey's argument does not provide a basis for allowing Belle-Bey to amend her complaint.

The Court notes that Belle-Bey makes passing reference to several other arguments.  For instance, in her motion for leave to amend, Belle-Bey argues that she has suffered injuries that "affect[] her religious faith-based practices and . . . invade legally protected interest[s]," but elaborates no further.  Doc. 25 at 7.  She also argues that she "rightfully questions the [Commissioner's] credibility" following the Department of Justice's constitutional challenge to the appointment of ALJs and the "discovery of fraud" in the SSA.  Doc. 25 at 8.  But she does not state what legal or constitutional claim, if any, she seeks to bring against the Commissioner on this ground.  *See id.*  And in her proposed amended complaint, she states that, due to matters out of her control, she "recently discovered" a letter from the Social Security Administration (dated December 20, 2021, *see* doc. 25-10) regarding a complaint she filed against ALJs Richard Hopkins and Robert G. O'Blennis.  Doc. 25-1 at 5.  But she does not explain the relevance of this document or what circumstances prevented her from discovering it until recently.  *See id.*  Finally, in her reply in support of her motion for leave to amend, Belle-Bey appears to assert a breach-of-contract claim against the Commissioner, arguing that he had a "duty to perform" and

15

"duty to care" under the "negotiable instrument" she created "pursuant [to] the SSDI insurance policy claim." Doc. 29 at 8; *id.* at 6. But she provides no further information about this negotiable instrument, nor does she explain how a contract was formed. Because these arguments are underdeveloped, the Court need not address them further. *See ASARCO, LLC v. Union Pac. R.R. Co.*, 762 F.3d 744, 754 (8th Cir. 2014) ("Judges are not like pigs, hunting for truffles buried in briefs or the record." (citation modified)).

The Court finds that allowing Belle-Bey to file an amended complaint would be futile. Therefore, the Court denies Belle-Bey's motion for leave to amend, doc. 25. *Plymouth*, 774 F.3d at 1160.

    C.    **Motion to correct the record**

Next, the Court turns to Belle-Bey's motion to correct the record. Doc. 28. In this motion, Belle-Bey states that she "does 'not' request and [sic] new or additional relief." *Id.* at 3. Belle-Bey instead asks the Court to "correct the clerical or formal errors in the record and prior filings/writings." *Id.* at 2. Specifically, she requests that the Court, first, change the docket description of her June 30, 2025 filing from "Motion to Amend/Correct Complaint" to "Affidavit/Common Law Notice/Writ Judicial Notice Testimony Under God." *Id.* Second, she asks the Court to include the words "respectfully demands" in the closing language of each of her filings. *Id.* And third, she instructs the Court to amend the case caption in each of its prior orders to remove the all-caps version of her name and replace it with the title-case version of her name. *Id.* The Court also notes that Belle-Bey recently filed a series of documents that appear to supplement her motion to correct the record. *See* doc. 34. Because the Court grants the Commissioner's motion to dismiss and denies Belle-Bey's motion to amend her complaint as

16

futile, however, the Court denies as moot Belle-Bey's motion to correct the record, doc. 28, as to all of these non-substantive issues.

### D. Remaining affidavits

Finally, the Court turns to Belle-Bey's remaining affidavits. Docs. 30, 33. In these affidavits, Belle-Bey raises many of her previous arguments, which fail for the reasons stated above. The Court notes that Belle-Bey's remaining arguments appear to be AI-generated streams of consciousness, are not particularly well developed or articulated, and contain many illogical and incorrect statements of law. Regardless, the Court has considered these arguments to the extent it can make sense of them and finds them all lacking in merit. For all these reasons, the Court denies whatever relief may be requested in Belle-Bey's affidavits. Docs. 30, 33.

## IV. Conclusion

Accordingly, the Court grants the Commissioner's [5] Motion to Dismiss Under Rule 12(b)(6) and dismisses this case with prejudice. A separate Order of Dismissal accompanies this Memorandum and Order. The Court also denies, with prejudice, Belle-Bey's [25] motion to amend and, to the extent they could be construed as motions, her remaining [30] [33] affidavits. Finally, the Court denies as moot Belle-Bey's [28] motion to correct the record. The Court certifies that an appeal from this dismissal would not be taken in good faith.

So ordered this 6th day of February 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE